T.C. Summary Opinion 2009-70

UNITED STATES TAX COURT

CYNTHIA LOIS BROCKINGTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16710-07S.                    Filed May 11, 2009.

Cynthia Lois Brockington, pro se.

<u>Derek P. Richman</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $5,631.30 deficiency in petitioner's 2005 Federal income tax. The issues for decision are whether petitioner is entitled to: (1) Dependency exemption deductions; (2) the earned income credit; (3) the additional child tax credit; and (4) head of household filing status.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. When the petition was filed, petitioner resided in Florida.

For 2005 petitioner timely filed a Form 1040A, U.S. Individual Income Tax Return. On petitioner's Form 1040A she claimed dependency exemption deductions for her daughter, son, and grandson. She also claimed an earned income credit and an additional child tax credit for her grandson and filed as a head of household.

Petitioner's daughter was 21 years old at the close of 2005. Petitioner's daughter attended Daytona Beach Community College (community college) from January 10 to May 6, 2005, but was not a full-time student. She also worked part time for about 2 months, earning about $3,000 in 2005, and received child support payments of $564 per month. For 2005 she filed a Federal income tax

return, reporting $3,512 of gross income. She claimed a personal exemption for herself and a dependency exemption deduction for her son (petitioner's grandson), who was 4 years old at the close of 2005.

Petitioner's son was 19 years old at the close of 2005. He attended the community college full time from August 17 to October 10, 2005. He also worked for an indeterminable period in 2005. For 2005 he filed a Federal income tax return, reporting $7,365 of gross income and claiming a personal exemption for himself.

During 2005 petitioner's daughter, son, and grandson resided in petitioner's home (except when petitioner's daughter left the home for a 2-week period). Petitioner paid all of the family's living expenses in 2005 except for about $200 that her daughter contributed.

## Discussion

### I. Burden of Proof

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden to prove that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). But the burden of proof on factual issues that affect the taxpayer's tax liability may be shifted to the Commissioner if the taxpayer introduces credible evidence with respect to the issue. Sec. 7491(a)(1). Petitioner

has not alleged that section 7491(a) applies, but the Court need not decide whether the burden shifted to respondent since the Court's analysis is based on the record before it, not on who bears the burden of proof.

## II. Dependency Exemption Deductions

Generally, taxpayers may claim dependency exemption deductions for their dependents (as defined in section 152). Sec. 151(c). But section 151(d)(2) effectively disallows exemption deductions for certain dependents: in the case of an individual with respect to whom a deduction under this section is allowable to another taxpayer for the taxable year, the exemption amount applicable to the individual for the individual's taxable year is zero.

The term "dependent" includes a "qualifying child" or a "qualifying relative." Sec. 152(a). A qualifying child is defined as an individual who: (1) Bears a certain relationship to the taxpayer, such as the taxpayer's child or grandchild; (2) has the same principal place of abode as the taxpayer for more than one-half of the taxable year; (3) meets certain age requirements;[1] and (4) has not provided over one-half of the

_____

[1]The age requirements for qualifying children are that they: (1) Have not attained age 19 as of the close of the calendar year in which the taxpayer's taxable year begins; or (2) have not attained age 24 as of the close of the calendar year in the case of a student. Sec. 152(c)(3)(A). The term "student" is defined to include an individual who during each of 5 calendar months in

(continued...)

individual's own support for the taxable year.  Sec. 152(c)(1) through (3).  But section 152(c)(4) provides a limitation on the dependency exemption deduction claimed for a qualifying child where the qualifying child is claimed by two or more taxpayers: if an individual may be and is claimed as a qualifying child by two or more taxpayers for the taxable year, then the qualifying child is treated as the qualifying child of the taxpayer who is either the qualifying child's parent or the taxpayer with the highest adjusted gross income for the taxable year where the qualifying child is claimed by a taxpayer other than a parent (tie-breaking rule).

A qualifying relative is defined as an individual:  (1) Who bears a certain relationship to the taxpayer, such as the taxpayer's child or grandchild; (2) whose gross income for the taxable year is less than the exemption amount ($3,200 for 2005); (3) with respect to whom the taxpayer provides over one-half of the individual's support for the taxable year; (4) and who is not a qualifying child of the taxpayer or of any other taxpayer for the taxable year.  Sec. 152(d)(1) and (2).

A.  Petitioner's Daughter and Son

In 2005 petitioner's daughter attained age 21, and petitioner's son attained age 19.  Therefore, petitioner's

---

[1](...continued)
the taxable year is a full-time student at certain educational organizations.  Sec. 152(f)(2); sec. 1.151-3(b), Income Tax Regs.

entitlement to her claimed dependency exemption deductions for her daughter and son depends on whether they were full-time students in 2005 (and are otherwise qualifying children) or were petitioner's qualifying relatives.  See sec. 152(c)(1)(C), (3)(A)(ii).

Petitioner argues that her daughter was a full-time student in 2005 because she attended class from "8:00 to 2:30 five days a week" at the community college.  The parties, however, have stipulated on the basis of a document from the school that she was not enrolled as a full-time student.  Petitioner has produced no other evidence to prove that her daughter was a full-time student in 2005; the Court is therefore bound by the stipulation.  See Rule 91(e).  Petitioner's son was enrolled at the community college for only 3 months during 2005 (August through October); he, therefore, fails the 5-month requirement of section 152(f)(2).  See sec. 1.151-3(b), Income Tax Regs.  Neither petitioner's daughter nor her son meets the definition of full-time student; consequently, neither meets the definition of qualifying child.  See sec. 152(c)(1)(C), (3)(A)(ii).

For 2005 the gross incomes of petitioner's daughter and son were $3,512 and $7,365, respectively.  Both amounts exceed the $3,200 personal exemption amount for 2005.  Therefore, neither petitioner's daughter nor her son meets the definition of qualifying relative.

Moreover, petitioner was also required to prove for 2005 the total amount of her daughter's and son's support from all sources and either that: (1) Neither her daughter nor her son provided more than one-half of her or his own support under the definition of qualifying child;[2] or (2) she provided more than one-half of her daughter's or son's support under the definition of qualifying relative. See sec. 152(c)(1)(D), (d)(1)(C); see also <u>Blanco v. Commissioner</u>, 56 T.C. 512, 514-515 (1971). Petitioner provided no documentation to substantiate the amount of her daughter's or son's support.

In sum, petitioner is not entitled to dependency exemption deductions for her daughter or son because neither is her qualifying child nor her qualifying relative. See secs. 151(a), 152(a), (c), (d). Respondent's determinations are sustained.

B. <u>Petitioner's Grandson</u>

Petitioner's daughter claimed petitioner's grandson as a dependent on her 2005 Federal income tax return. The tie-breaking rule of section 152(c)(4)(A)(I) therefore dictates that petitioner's grandson is the qualifying child of petitioner's daughter. And because petitioner's grandson is the qualifying child of petitioner's daughter, he cannot be petitioner's

---

[2]Support includes amounts received from Government assistance but does not include amounts received as scholarships for study at an educational organization. See sec. 152(f)(5); sec. 1.152-1(a)(2), (c), Income Tax Regs.

qualifying relative. See sec. 152(d)(1)(D). In sum, petitioner is not entitled to a dependency exemption deduction for her grandson because he is not her qualifying child or qualifying relative. See secs. 151(a), (d)(2), 152(a), (c), (d). Respondent's determination is sustained.

III. <u>Earned Income Credit</u>

Section 32(a)(1) allows an "eligible individual" an earned income credit against the eligible individual's income tax liability. Section 32(a)(2) provides a limitation on the amount of the allowable credit based on certain percentages and amounts (as determined by section 32(b)). Generally, the limitation amount is based on the amount of the taxpayer's earned income and whether the taxpayer has no qualifying children, one qualifying child, or two or more qualifying children (as defined in section 152(c)). Sec. 32(a), (b), (c).

Because the Court has concluded that petitioner's daughter, son, and grandson were not her qualifying children in 2005, she is not entitled to an earned income credit for them. For 2005 an earned income credit is available to an eligible individual with no qualifying children only if the eligible individual's adjusted gross income is less than $11,750. See Rev. Proc. 2004-71, sec. 3.06, 2004-2 C.B. 970, 973. Because petitioner's 2005 adjusted gross income is $16,682, she is not entitled to an earned income

credit as an eligible individual with no qualifying children.
See id.  Respondent's determinations are sustained.

## IV.  Additional Child Tax Credit

Generally, taxpayers may claim child tax credits for each qualifying child (as defined in section 152(c)) under age 17. Sec. 24(a), (c)(1).  Section 24(d) provides that a portion of the credit may be refundable (commonly referred to as the additional child tax credit).

Because the Court has concluded that petitioner's grandson was not her qualifying child in 2005, she is not entitled to the additional child tax credit for him.  Respondent's determination is sustained.

## V.  Head of Household Filing Status

As is relevant here, section 2(b)(1) defines "head of a household" as an unmarried individual who maintains as his home a household that constitutes for more than one-half of the taxable year the principal place of abode of either a qualifying child or any other dependent of the taxpayer, if the taxpayer is entitled to a deduction for the dependent under section 151 (i.e., a qualifying relative).

The Court has concluded that petitioner's daughter, son, and grandson were not her qualifying children or qualifying relatives in 2005.  Consequently, petitioner is not entitled to file as a

head of household for 2005.  Respondent's determination is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.